✎AO 241
(Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Eastern District, New York |
|---|---|

| Name (under which you were convicted):<br><br>Nechemya Weberman | Docket or Case No.: |
|---|---|

| Place of Confinement :<br>Shawangunk Correctional Facility | Prisoner No.:<br><br>13A0438 |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>Nechemya Weberman | Respondent (authorized person having custody of petitioner)<br><br>v.   Jaifa Collado, Superintendent of Shawangunk Correctional<br>Facility |
|---|---|

| The Attorney General of the State of    New York | |
|---|---|

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

Kings County Supreme Court

(b) Criminal docket or case number (if you know):    1589/2011

2.    (a) Date of the judgment of conviction (if you know):  1/22/2013

(b) Date of sentencing:    1/22/2013

3.    Length of sentence:    **103 years imprisonment**

4.    In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

Course of Sexual Conduct against a Child in the First Degree (NY PL 130.75(1)(b))
Criminal Sexual Act in the Second Degree (NY PL 130.45(1)) (12 counts)
Criminal Sexual Act in the Third Degree (NY PL 130.40(2)) (2 counts)
Sexual Abuse in the Second Degree (NY PL 130.60(2)) (18 counts)
Sexual Abuse in the Third Degree (NY PL 130.55) (25 counts)
Endangering the Welfare of a Child (NY PL 260.10(1))

6.    (a) What was your plea? (Check one)

☑ (1)    Not guilty    ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty    ☐ (4)    Insanity plea

✎AO 241
(Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to?

n/a

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Appellate Division, Second Department

(b) Docket or case number (if you know):    2013-00972

(c) Result:    Modified, in part, with two counts of indictment dismissed; otherwise affirmed.

(d) Date of result (if you know):    12/9/2015

(e) Citation to the case (if you know):    People v. Weberman, 134 A.D.3d 862 (2d Dept. 2015)

(f) Grounds raised:

I.  The evidence was legally insufficient and the verdict against the weight of the credible evidence; II.
Defendant was deprived of due process and confrontation by the exclusion of evidence of (a) the arrest
and prosecution of complainant's boyfriend, Jeremy Solomon, for statutory rape, which fueled
complainant's motive to obtain vengeance against Weberman; (b) recorded phone calls between
defendant and complainant, which were exculpatory and impeached complainant's testimony; (c)
complainant's writings; and (d) the court's ruling denying the defense access to Solomon's sealed file.
III. The trial cour erred in precluding the defense from confronting complainant with her prior false reports
of sexual molestation; IV. Defendant was denied a fair trial by the prosecutor's misconduct on summation;
V. The sentence was excessive; VI. Counts 3-59 of the indictment were impermissibly duplicitous.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    New York State Court of Appeals

(2) Docket or case number (if you know):    --

(3) Result:
        Leave to appeal denied.

(4) Date of result (if you know):    7/7/2016

(5) Citation to the case (if you know):    People v. Weberman, 27 N.Y.3d 1156 (2016)

(6) Grounds raised:
All grounds asserted on direct appeal.

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Kings County Supreme Court

(2) Docket or case number (if you know):    Ind. No. 1589/2011

(3) Date of filing (if you know):    9/28/2017

(4) Nature of the proceeding:    Motion to Vacate Judgment pursuant to CPL 440.10

(5) Grounds raised:
(1) Ineffective assistance of trial counsel for: (a) failure to make a timely motion to dismiss
indictment after it was revealed by complainant's testimony that all but three counts of the
indictment were void for duplicity; (b) failure to object to various types of "bad act" evidence
that were introduced by the prosecution in violation of the court's pretrial Molineux and
Sandoval rulings, including his alleged failure to comply with religious rules of the Satamar
Hasidic sect of which he was a member; (c) failure to object to the prosecution's attack on
defendant's Jewish faith and religious associations and to request an appropriate limiting
instruction; (d) failure to request from the prosecution as discovery Rosario and Brady
material, or directly subpoena complainant's therapy records which provided affirmative
evidence of defendant's innocence; (e) undercutting their client's presumption of innocence
and the prosecution's burden of proof.
(2) Prosecutorial Misconduct at trial and in Grand Jury.
(3) Violation of prosecutor's discovery obligations.
(4) Newly discovered evidence of innocence; and actual innocence.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:    Denied; then sought leave to appeal to Appellate Division, also denied (10/11/2019)

(8) Date of result (if you know):    2/22/2019

✎AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:    Appellate Division, Second Department

    (2) Docket or case number (if you know):    2013-00972

    (3) Date of filing (if you know):    10/15/2019

    (4) Nature of the proceeding:    Petition for Writ of Error Coram Nobis

    (5) Grounds raised:

        Ineffective Assistance of Appellate Counsel for (1) failing to raise a meritorious ineffective assistance of trial counsel claim; and (2) because having represented Weberman at trial, appellate counsel faced a conflict of interest in representing Weberman on appeal and, due to this conflict, was unable to assert that he and the other attorneys on Weberman's trial team were constitutionally ineffective.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏   Yes    ☑  No

    (7) Result:    Denied.  Then sought leave to appeal to Court of Appeals -- currently pending.

    (8) Date of result (if you know):    5/27/2020

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

✎AO 241
(Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ❑  Yes    ❑  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☑  Yes    ❑  No

    (2) Second petition:  ☑  Yes    ❑  No

    (3) Third petition:   ❑  Yes    ❑  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

        CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
  Weberman was denied his 6th Amendment right to the effective assistance of counsel on direct appeal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

  Weberman's appellate counsel, who also represented Weberman at trial, was constitutionally ineffective because he labored under a conflict of interest that precluded him from asserting a meritorious claim that trial counsel was ineffective for: 1) failing to move to dismiss the indictment as duplicitous, where the complainant's testimony revealed that 85 out of 88 counts of the indictment impermissibly charged mutliple acts in each count. 2) failing to alert the trial court to a critical police report demonstrating the relevance and admissibly of complainant's controlled calls, which established her motive to seek vengeance against Weberman, and which refuted the prosecution's demonstrably false statement that complainant's statements on the calls were "concocted" by the police and untrue. 3) failing to object to the prosecutors' violation of the trial court's pre-trial rulings and their persistent introduction of prejudicial and unnoticed bad-acts evidence to assail Weberman's character. 4) failing to object to the prosecutors' persistent misuse of testimony and argument about Satmar culture to assail Weberman's character, including comparing his culture to the "Salem witch trials," and failing to request a limiting instruction. 5) failing to object to pervasive prosecutorial misconduct in opening and summation. 6) undercutting Weberman's presumption of innocence and assuming burden of proof of innocence.

(b) If you did not exhaust your state remedies on Ground One, explain why:

✎AO 241
(Rev. 10/07)

(c)        **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
  This claim could not be raised on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:         Petition for Writ of Error Coram Nobis

Name and location of the court where the motion or petition was filed:
  Appellate Division, Second Department

Docket or case number (if you know):    2013-00972

Date of the court's decision:    5/27/2020

Result (attach a copy of the court's opinion or order, if available):
  Denied.  Decision attached as Exhibit A.

(3) Did you receive a hearing on your motion or petition?         ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?         ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
  New York State Court of Appeals -- still pending

Docket or case number (if you know):    Ind. No. 1589/2011

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
  Decision will be provided as soon as it is issued.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**
  Weberman was denied his 6th Amendment right to the effective assistance of trial counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

  Trial counsel was constitutionally ineffective for: 1) failing to move to dismiss the indictment as duplicitous,
  where the complainant's testimony revealed that 85 out of 88 counts of the indictment impermissibly charged
  mutliple acts in each count; 2) failing to alert the trial court to a critical police report demonstrating the relevance
  and admissibly of complainant's controlled calls, which established her motive to seek vengeance against
  Weberman, and which refuted the prosecution's demonstrably false statement that complainant's statements on
  the calls were "concocted" by the police and untrue; 3) failing to object to the prosecutors' violation of the trial
  court's pre-trial rulings and their persistent introduction of prejudicial and unnoticed bad-acts evidence to assail
  Weberman's character; 4) failing to object to the prosecutors' persistent misuse of testimony and argument
  about Satmar culture to assail Weberman's character, including comparing his culture to the "Salem witch
  trials," and failing to request a limiting instruction; 5) failing to object to pervasive prosecutorial misconduct in
  opening and summation; 6) failing to request disclosure of complainant's threapy records; 7) undercutting
  Weberman's presumption of innocence and assuming burden of proof of innocence.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☑ No

  (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:
    Appellate counsel had previously served as trial counsel, and was thus conflicted from presenting this
    claim on direct appeal (see ground one).

(d)     **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☑ Yes   ☐ No

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition:      Motion to Vacate Judgment pursuant to CPL 440.10

  Name and location of the court where the motion or petition was filed:
    Kings County Supreme Court

  Docket or case number (if you know):    Ind. No. 1589/2011

  Date of the court's decision:      2/22/2019

Result (attach a copy of the court's opinion or order, if available):

Denied.  Attached as Exhibit B.


(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Appellate Division, Second Department

Docket or case number (if you know):     2013-00972

Date of the court's decision:     10/11/2019

Result (attach a copy of the court's opinion or order, if available):

Leave to appeal denied.  Decision attached as Exhibit C.


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two




**GROUND THREE:**
Weberman was denied his due process right to a fair trial as a result of prosecutorial misconduct at trial and in the grand jury and as a result of a violation of the prosecutor's discovery obligations.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The prosecution: 1) used false or misleading grand jury testimony to secure Weberman's indictment; 2) made material misrepresentation to the court concerning statements made by complainant during controlled calls and in the Solomon case, and her complainant's motives for testifying against Weberman; 3) failed to disclose Brady and Rosario material contradicting complainant's and her mother's testimony on material points relating to motive and credibility; 4) impermissibly elicited testimony and made improper summation comments denigrating Weberman and the defense, accusing him of uncharged crimes, and appealing to the jury's emotions and biases.

✎AO 241
(Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

Subpoint 4 was raised on direct appeal.  The remaining claims were either off-the-record claims that could not be asserted on direct appeal, or were not raised due to ineffective assistance of counsel. These remaining claims were raised in a 440 motion (see below).

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Motion to Vacate Judgment pursuant to CPL 440.10

Name and location of the court where the motion or petition was filed:

Kings County Supreme Court

Docket or case number (if you know):     1589/2011

Date of the court's decision:     2/22/2019

Result (attach a copy of the court's opinion or order, if available):

Denied.  Decision attached as Exhibit B.

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Appellate Division, Second Department

Docket or case number (if you know):     2013-00972

Date of the court's decision:     10/11/2019

Result (attach a copy of the court's opinion or order, if available):

Leave to Appeal denied.  Attached as Exhibit C.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Weberman's constitutional rights to a fair trial, due process, and confrontation were violated by the trial court's evidentiary rulings excluding evidence, for any purpose, of 1) the arrest and prosecution of complainant's boyfriend on statutory rape charges, which immediately preceded and furnished complainant's desire for vengeance and motive to falsely accuse Weberman; 2) recorded telephone calls between complainant and Weberman that undermined her testimony; 3) complainant's writings which undermined her testimony and revealed her biases; 4) complainant's history of making false reports of sexual molestation.

GROUND FIVE:
Evidence was legally insufficient to support Weberman's conviction. (Exhausted on Direct Appeal).

GROUND SIX:
The indictment was impermissibly duplicitous. (Exhausted on Direct Appeal in Supplemental Brief).

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

✎AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

✎AO 241
(Rev. 10/07)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

  All grounds have been exhausted in state court.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☑ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

  Leave to Appeal to New York Court of Appeals from denial of Petition for Writ of Error Coram Nobis.

  Because of the very short amount of time remaining on the statute of limitiations for federal habeas
  corpus (3 days), this petition is being filed while the Court of Appeals' decision on the leave application
  is pending.

✎AO 241
(Rev. 10/07)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

Richard Mischel, One Whitehall St, 10th Fl., NY NY 10004; Stacey Richman, 2027 Williamsbridge
Rd, Bronx NY 10461; George Farkas  & Michael Farkas, 32 Court St., Ste 408, Brooklyn, NY 11201

(b) At arraignment and plea:

George A. Farkas, Esq. (arraignment) - 32 Court St., Ste 408, Brooklyn, NY 11201

(c) At trial:

Richard Mischel, One Whitehall St, 10th Fl., NY NY 10004; Stacey Richman, 2027 Williamsbridge
Rd, Bronx NY 10461; George Farkas  & Michael Farkas, 32 Court St., Ste 408, Brooklyn, NY 11201

(d) At sentencing:

Richard Mischel, One Whitehall St, 10th Fl., NY NY 10004; Stacey Richman, 2027 Williamsbridge
Rd, Bronx NY 10461; George Farkas  & Michael Farkas, 32 Court St., Ste 408, Brooklyn, NY 11201

(e) On appeal:

Richard Mischel, Esq., Mischel & Horn, P.C., One Whitehall St, 10th Fl., NY NY 10004

(f) In any post-conviction proceeding:

Joel Rudin, Esq. - Carnegie Hall Tower, 152 West 57th St., 8th Fl., NY NY 10019

(g) On appeal from any ruling against you in a post-conviction proceeding:

Joel Rudin, Esq. (440 motion) - 152 West 57th St., 8th Fl., NY NY 10019
Donna Aldea (coram nobis) - BEKAL, LLP, 666 Old Country Rd., Ste. 700, Garden City, NY 11530

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?              ☐ Yes      ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?              ☐ Yes      ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Conviction became final on 10/5/16 (90 days after NY COA denied leave to appeal).
Six days before the expiration of the SOL, the statute of limitations was tolled from September 28, 2017
until October 11, 2019 during pendency of 440 motion in state court.
The statute of limations was tolled again from October 15, 2019 until the date of this petition was filed
during pendency of coram nobis motion in state court.
Thus, the petition is timely, with at least 3 days remaining.

Because of the very short period of time remaining on the statute of limitations, and to avoid missing this deadline, this petition is being filed prior to the decision of the New York State Court of Appeals on the pending application for leave to appeal from the denial of the petition for a Writ of Error Coram Nobis, which is expected to issue very shortly.

Under the circumstances, petitioner respectfully requests that this petition be held in abeyance until the New York Court of Appeals decides the pending leave application.  As soon as that decision is rendered, petitioner will promptly notify this Court, and will supplement this petition with a copy of that decision.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.    § 2244(d) provides in

part that:

    (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

✎AO 241
(Rev. 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

A writ of habeas corpus ordering petitioner's release unless the state affords him a new direct appeal and/or a
new trial.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was filed and served on            8/10/2020            (month, date, year).

Executed (signed) on            8/7/2020            (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

I am Mr. Weberman's attorney, and have prepared and signed this petition on his behalf.  Due to COVID-19
restrictions, it is not possible to visit with Mr. Weberman at this time; and due to the very short time remaining on
the AEDPA statute of limitations, it is not feasible to attempt to obtain Mr. Weberman's signature by mail.